1  GREGORY M. DOYLE (SBN 092155, gdoyle@toschisidran.com)
   THOMAS M. CROWELL (SBN 172799, tcrowell@toschisidran.com)
2  TOSCHI • SIDRAN • COLLINS • DOYLE
   100 Webster Street, Suite 200
3  Oakland, CA 94607
   Tel: (510) 835-3400
4  Fax: (510) 835-7800

5
   Attorneys for Defendants,
6  PROFESSIONAL SERVER CERTIFICATION
   CORPORATION and ROBERT GRAHAM
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11 | D.R. MYERS DISTRIBUTING CO., INC.,  ) Case No.: CV 12 1885 JSW
   | dba DRIVERS LICENSE GUIDE, CO.,     )
12 |                                      )
   |              Plaintiff,              ) **JOINT CASE MANAGEMENT**
13 |                                      ) **STATEMENT AND (PROPOSED)**
   | v.                                   ) **ORDER**
14 |                                      )
   | PROFESSIONAL SERVER                  ) DATE: August 3, 2012
15 | CERTIFICATION CORPORATION; BE        ) TIME: 1:30 p.m.
   | ONLINE, INC., AND ROBERT GRAHAM,     ) COURTROOM: 11
16 | an individual,                       )
   |                                      )
17 |              Defendants.             )
   |                                      )
18 |                                      )
   |_____/
19

20     Following the meet and confer conference held among all counsel on July 12, 2012, the

21 parties and their respective counsel of record to the above-entitled action jointly submit this Joint

22 Case Management Statement and Proposed Order pursuant to the Standing Order for All Judges

23 of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

24 1. **Jurisdiction And Service**

25
       Subject matter jurisdiction exists pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a) in
26
27 that this case arises under the trademark laws of the United States and for alleged copyright

28 infringement pursuant to 17 U.S.C. §501. This court has pendant jurisdiction over the state law

claims pursuant to 28 U.S.C. §1338(b) because the state law claims are alleged to be substantially related under the copyright and/or trademark laws of the United States.

Defendants have not brought any counterclaims and none are anticipated as of this writing. No issues regarding personal jurisdiction or venue are presented and the parties do not currently anticipate serving any additional parties.

2. **Facts**

**Plaintiff's Section:**

Plaintiff alleges the following facts: Plaintiff D. R. Myers Distributing Co., Inc., dba Drivers License Guide, Co. ("D.R. MYERS"), is a California corporation. D.R. MYERS is a worldwide leader in design, development, and manufacture of books and online database reference tools related to government-issued photo identification for purposes of verifying identification for a wide range of businesses and government agencies, including State Department of Motor Vehicles (DMVs) and the Federal Transportation Security Administration (TSA). D.R. MYERS also develops, advertises, and sells access-controlled products such as its "I.D. Checking Guide" labeled products.

D.R. MYERS has sold products related to identification cards for more than 40 years. D.R. MYERS is the owner and developer of numerous copyrights on books, dating back to the "Drivers License Guide" of 1975. One such line of products is D.R. MYERS' "I.D. Checking Guide," which provides images of identification cards from all 50 United States, as well as Canada. These "I.D. Checking Guide" books are protected by copyrights, dated back to the "Drivers License Guide: I. D. Checking Guide" of 1984. The "I.D. Checking Guide" and "Drivers License Guide" products are copyrighted books, including the copyright registration for the "2009 Drivers License Guide" at issue in this litigation.

D.R. MYERS' "I.D. Checking Guide" mark is protected by common law trademark and has been used continuously in conjunction with the "I.D. Checking Guide" products and other

1  marks since 1984. On November 5, 1987, D.R. MYERS applied for federal trademark registration
2  for the word and design I.D. Checking Guide® in International Class 016, in the field of Booklet.
3  On April 4, 1989, the trademark was registered (Registration Number 1532993). D.R. MYERS'
4  "I.D. Checking Guide" mark has been used continually by D.R. MYERS, and its usage has
5  significantly expanded since the registrations were granted in 1989, and said marks are now
6  
7  exclusively associated with D.R. MYERS in the identification industry.
8      Defendants made verbatim copies of Plaintiff's copyrighted materials and trademark "I.D.
9  Checking Guide" related to Defendants' online database of identification cards in order to unfairly
10 compete against Plaintiff, which resulted in consumer confusion and harm to Plaintiff.
11 **Defendants' Section:**
12     Defendant alleges the following facts: Defendant Professional Server Certification
13 Corporation ("PSCC") is a South Dakota Corporation and defendant Be Online Inc ("BOI") is also
14 a South Dakota Corporation. Defendant Robert Graham ("Graham") is an individual residing in
15 South Dakota. PSCC, BOI and Graham prepare and make available on-line training materials and
16 
17 services. The defendants provide responsible serving, seller/server certifications and interactive
18 training for food service professional, bartenders, waiters, waitresses and alcohol servers.
19     The plaintiff has alleged that it has or had perfected a trade mark for a reference guide
20 known as "ID Checking Guide."
21 
22     The plaintiff contends and the defendants acknowledge that the name "ID Checking Guide"
23 was previously incorporated into defendant PSCC's database and was offered for sale as part of the
24 server certification training course. Defendant PSCC has sold approximately twenty (20) training
25 courses which reference the term "ID Checking Guide".
26     In response to a written complaint from the plaintiff's attorney, PSCC took down the ID
27 portion of the bartending tool kit from its website and is prepared to agree not to sell the ID portion
28 any longer. Furthermore, PSCC will also agree to refrain from using or displaying copies of any

-3-
JOINT CASE MANAGEMENT STATEMENT AND (PROPOSE) ORDER


identification cards that are listed in the plaintiff's "ID Checking Guide" except to the extent that they have already been made publicly available by the particular state issuing the identification card.

Recently, plaintiff attempted to apply for a trademark with the United States Patent and Trademark Office, requesting a mark for the words "I.D. Checking Guide." The USPTO denied plaintiff's application on the grounds that the registration would likely cause confusion, the registration was "merely descriptive" and that a prior application may be a bar to plaintiff's current application request.

3. **Legal Issues**

**Plaintiff's Section:**

Plaintiff alleges that Defendants advertised its identification card database online by using D.R. Myers' trademark "ID Checking Guide" and images taken directly from D.R. Myers' "2009 Drivers License Guide" without permission. Defendants were aware of and had access to the copyrighted "2009 Drives License Guide" and willfully copied images and text from that book and sold access to the database for $20.00 to anyone, without restriction, causing harm to D.R. Myers.

**Defendants' Section:**

Plaintiff alleges that it owns the term "I.D. Checking Guide" that the defendants copied and used this term in its bartending and server training materials which are offered for sale. The plaintiff also contends that it owns an altered image of an identification card which is found within the plaintiff's "2009 Driver's License Guide" and that defendants copied this exact model and used it in its bartending tool kit.com website. (See: Page 12 of plaintiff's complaint)

In its answer to plaintiff's complaint the defendants have raised the affirmative defenses of fair use, nominative fair use and/or descriptive use. The defendants have also raised the affirmative defense of innocent intent, unenforceability of trademark or copyright and negligence

on the part of the plaintiff in allowing its trademark or copyright to expire. (See: Page 7 of the plaintiff's complaint wherein it is alleged that the "registration was inadvertently abandoned.")

4. **Motions**

There are no prior or pending motions. Both plaintiff and defendants anticipate filing motions for summary judgment at the appropriate time.

5. **Amendment of Pleadings**

Plaintiff and defendants reserve their rights to add or dismiss claims or defenses on or before January 25, 2013. This date will serve as the proposed deadline for amending of the pleadings.

6. **Evidence Preservation**

No evidence has been destroyed by either party and both plaintiff and defendants have been advised to preserve evidence relevant to the issues in this action.

In response to a "cease and desist letter" dated April 17, 2012 from plaintiff's counsel defendant Robert Graham voluntarily took down the ID portion of the bartending tool kit from the website.

7. **Disclosures**

Both plaintiff and defendants have complied with the disclosure requirements of FRCP 26(a(1)) and both parties have exchanged their respective disclosures.

8. **Discovery**

Following the meet and confer conference held on July 12, 2012, both plaintiff and defendants have or will propound written discovery. The parties have agreed to limit interrogatories to 15 per party and have further agreed to limit the requests for admissions to 20 per party except for admissions designed to authenticate documents. As to requests for admissions designed to authenticate documents, there is no limit.

-5-
JOINT CASE MANAGEMENT STATEMENT AND (PROPOSE) ORDER

At the present time counsel agree that there is no limit to the number of document production requests that may be made.

With respect to deposition testimony, plaintiff and defendants agree upon a total of 24 hours for deposition testimony for fact witnesses only. An agreement as to expert witness deposition testimony shall be determined by the parties at a date to be determined, but in any event, no later than the date set for expert disclosure.

There is a limit of five oral depositions per party for all email custodians.

9. **Class Actions**

Not Applicable.

10. **Related Cases**

None.

11. **Relief**

**Plaintiff's Section:**

Plaintiff seeks the following forms of relief: preliminary and permanent injunctive relief; a full and complete accounting of all profits received by Defendants from their distribution or sale of counterfeit, imitation and infringing products and/or materials, and of any other amounts due and owing to D.R. MYERS as a result of Defendants' illegal activities; general, special, actual and statutory damages, including Defendants' profits, for Defendants' willful infringement of D.R. MYERS' copyrights and trademarks; that the Court order Defendants to pay D.R. MYERS the costs of this action and the reasonable attorneys' fees incurred by D.R. MYERS in prosecuting this action; such other and additional relief as is just and proper.

**Defendants' Section:**

Defendants do not have a counterclaim but defendants reserve their right to assert a reciprocal right for attorney's fees based upon applicable law.

///

///

12. **Settlement and ADR**

Considerable effort has been expended among the parties toward resolution and several iterations of a proposed settlement agreement have been exchanged.

**Plaintiff's Section:**

With respect to ADR it is the plaintiff's position that the parties should be allowed an opportunity to continue working on the process of settlement on their own. Alternatively, if the parties cannot reach agreement due to misunderstandings between the parties, Plaintiff believes settlement discussions would benefit from the taking of the Deposition of Defendant Robert Graham.

**Defendants' Section:**

It is the defendants' position that mediation would invigorate the settlement process and possibly lead to resolution.

Both plaintiff and defendants have complied with local rule 3-5 and have familiarized their respective clients with the ADR process and the dispute resolution procedures utilized in the Northern District of California.

13. **Consent to Magistrate Judge for All Purposes**

Whether *all* parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. _____YES __X__ NO

14. **Other References**

No.

15. **Narrowing of Issues**

The parties have agreed to attempt to narrow the issues by stipulation or otherwise at a date to be determined pending the outcome of settlement discussions.

16. **Expedited Trial Procedure**

Not applicable because there are four parties in this case.

-7-
JOINT CASE MANAGEMENT STATEMENT AND (PROPOSE) ORDER

17. **Scheduling**

Subject to court approval the parties have proposed the following litigation schedule:

(A) Last day to amend pleadings: January 25, 2013;

(B) Disclosure of expert witnesses/reports: April 2013;

(C) Discovery cutoff: June 2013;

(D) Dispositive/Summary Judgment Motions: August 2013;

(E) Pretrial conference date: September 2013;

(F) Proposed trial date: November 2013

18. **Trial**

All parties have demanded a trial by jury and the trial is expected to last approximately 10 court days.

19. **Disclosure of Non-party Interested Entities or Persons**

**Plaintiff's Section:**

Plaintiff has filed its certification of interested entities or persons as required by Civil Local Rule 3-16. The content of plaintiff's certification of interested parties is as follows: Plaintiff certifies that as of this date, other than the named parties, they are unaware of any other interested third parties.

**Defendants' Section:**

Defendant filed its certification of interested entities of persons on or about June 4, 2012. The content of defendants' certification of interested parties is as follows: "at this time defendant Professional Server Certification Corporation and Robert Graham disclose Mark Wingert of Chippewa Falls, Wisconsin, as an interested party". He has an ownership interest in defendant Be Online.

/ / /

20. **Other**

At a date to be determined, the parties may wish to enter in to a protective order in order to maintain the confidentiality of their respective business products and services. The protective order would be subject to future negotiations.

Dated: 7/27/2012 _____
Counsel for Plaintiff D.R. Myers Distributing Co., Inc,
dba Driver's License Guide, Co.,

Dated: 7/27/12 _____
Counsel for Defendant Be Online, Inc

Dated: July 27, 2012 _____
Counsel for Defendants Professional Server Certification
Corporation and Robert Graham

## CASE MANAGEMENT ORDER

The above **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** is approved as the Case Management Order for this case and all parties shall comply with its provisions.

**IT IS SO ORDERED.**

Dated: _____
United States District/Magistrate Judge

-9-
JOINT CASE MANAGEMENT STATEMENT AND (PROPOSE) ORDER